PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:26-CR-00308-3 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | **MEMORANDUM OF** |
| RICHARD HENRY, | ) | **OPINION AND ORDER** |
| | ) | [Resolving ECF No. 28] |
| Defendant. | ) | |

## I. INTRODUCTION

On June 23, 2026, the United States filed an unsealed indictment accusing Defendant Richard Henry, his brother, and his mother of conspiring to steal federal funds under the Coronavirus Aid, Relief, and Economic Security (CARES) Act.  ECF No. 1.  At a  detention hearing on July 13, 2026, the assigned magistrate judge granted the United States' motion for pretrial detention.  ECF No. 29.  Defendant Henry filed a Motion/Appeal of the Decision Denying Bond the following day.  ECF No. 28.  The motion is denied for the reasons herein.

## II. BACKGROUND

From 2019 to 2022, Junera Lashae Holt, Sr. and her sons Divante Holt and Richard Henry allegedly orchestrated two conspiracies attempting to steal more than $5,000,000.00 in federal funds under the CARES Act.  ECF No. 1 at PageID #: 52, ¶¶ 1–5.  The first was a tax-fraud conspiracy in which the family allegedly filed false returns with the Internal Revenue Service claiming $1,533,395.00 in refunds through shell entities and stolen identities.  ECF No. 1 at PageID ##: 52–55, ¶¶ 6–18.  The second was a COVID-19 pandemic relief conspiracy in which they allegedly claimed $3,273,455.00 in unemployment benefits through fraudulent

(1:26-CR-00308-3)

assistance applications, falsified employer-retention credits, and meritless Paycheck Protection Program ("PPP") loans.  ECF No. 1 at PageID ##: 55–60, ¶¶ 19–38.

The United States filed an indictment on June 23, 2026 with forty-four criminal counts against Defendants Holt, Sr., Holt, and Henry.  Fifteen of those counts implicate Defendant Henry: one for conspiracy to commit wire fraud (18 U.S.C. § 1349); two for wire fraud (18 U.S.C. §§ 2, 1343); two for aiding and assisting in the preparation of false tax returns (26 U.S.C. § 7206(2)); one for conspiracy to commit mail fraud, wire fraud, and bank fraud (18 U.S.C. § 1349); five for wire fraud (18 U.S.C. §§ 2, 1343); two for bank fraud (18 U.S.C. §§ 2, 1344); and two for engaging in monetary transactions in criminally derived property (18 U.S.C. §§ 2, 1957).  ECF No. 1 at PageID ##: 61–81.

Defendant Henry was immediately arrested, arraigned, and given a detention hearing. ECF Nos. 4, 15.  At that hearing, the magistrate judge determined he poses a danger to the community and granted the United States' motion for pretrial detention under 18 U.S.C. § 3142(f)(2).  ECF No. 29, Minutes of Proceedings [non-document] 07/13/2026.  He filed a Motion/Appeal of the Decision Denying Bond the following day.  ECF No. 28.  Challenges to a magistrate judge's pretrial detention order are reviewed by the district court with original jurisdiction over the case.  See United States v. Johnson, No. 23-1227, 2023 WL 7286599, at *1 (6th Cir. June 8, 2023).  The United States opposes Defendant's fully briefed motion.  ECF Nos. 28, 38, 39.

### III.  LAW

Pretrial detention is governed by the Bail Reform Act of 1984.  See 18 U.S.C. §§ 3141– 3150.  It contains "strict procedural requirements, designed to ensure that defendants are not held pretrial without due process."  United States v. Moore, No. 20-3497, 2020 WL 6580481, at

2

(1:26-CR-00308-3)

*1 (6th Cir. July 8, 2020).  Because there is a presumption of release, *see United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010), the law permits pretrial detention only when "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).  In other words, defendants should remain free "so long as the court is reasonably certain that they will appear at their next court date and will not pose a danger to others in the meantime."  *United States v. Hoilman*, No. 22-6108, 2023 WL 4074630, at *1 (6th Cir. Apr. 24, 2023).  Given the white-collar nature of the criminal charges, the Parties agree there is no presumption of detention in this case.  ECF No. 35 at PageID #: 190:10–16.

A pretrial detention decision turns on four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of danger if the defendant were released.  *See* 18 U.S.C. § 3142(g); *Hoilman*, 2023 WL 4074630, at *1.  When ordered by a magistrate judge, a criminal defendant can challenge pretrial detention through 18 U.S.C. § 3145(b).  The district court reviews pretrial detention determinations *de novo*.  *See United States v. Robinson*, No. 1:23-CR-660, 2024 WL 810565, at *4 (N.D. Ohio Feb. 27, 2024) (Lioi, C.J.). The ultimate inquiry is "whether the defendant is a flight risk or a danger to others and the community."  *Moore*, 2020 WL 6580481, at *2.  The government bears the burden of proof.  *See United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004).  Proving flight risk requires a preponderance of the evidence.  *See id.*  Proving dangerousness, however, requires clear and convincing evidence.  *See id.*

3

(1:26-CR-00308-3)

## IV. DISCUSSION[1]

### A. *Nature and Circumstances*

The first factor addresses the "seriousness of the charges" against the criminal defendant. *United States v. Salerno*, 481 U.S. 739, 742 (1987).  Relevant here, crimes of dishonesty "bear . . . directly on [a] Defendant's willingness to comply with legal obligations and court-imposed conditions."  *United States v. Alhallaq*, No. 5:25-CR-309, 2026 WL 177624, at *2 (N.D. Ohio Jan. 21, 2026).  Although Defendant Henry's alleged offenses are nonviolent, they are rooted in comprehensive lies and deceptions.  His joint attempts to steal millions of dollars in federal funds is precisely the kind of "pressing societal problem" that pretrial detention is designed to mitigate.  *Salerno*, 481 U.S. at 747.  Under such circumstances, "the Government's regulatory interest in community safety can . . . outweigh an individual's liberty interest."  *Id.* at 748. Moreover, Defendant Henry faces a significant term of incarceration if later convicted.  ECF No. 29 at PageID #: 166.  Although "the potential for a lengthy sentence alone does not warrant [pretrial] detention," *United States v. Creed-Boehm*, No. 24-1685, 2025 WL 1145021, at *4 (6th Cir. Apr. 18, 2025), the seriousness of the alleged offenses and "the heavy penalties attendant upon conviction, are strong motivation for any person to consider attempting to avoid trial."  *United States v. Alexander*, 742 F. Supp. 421, 425 (N.D. Ohio 1990).  Here, the nature and circumstances of the alleged offenses favors pretrial detention.

---

[1] Defendant Henry did not request a new detention hearing.  Thus, the Court's review is limited to the criminal docket, including the indictment (ECF No. 1), the detention hearing transcript (ECF No. 35), the pretrial services report (ECF No. 8), and the Parties' briefings (ECF Nos. 28, 38, 39).

(1:26-CR-00308-3)

### B. *Weight of the Evidence*

The second factor addresses **"the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt."** *United States v. Creed-Boehm*, No. 24-1685, 2025 WL 1145021, at *3 (6th Cir. Apr. 18, 2025) (quoting *Stone*, 608 F.3d at 948).  At the detention hearing, the United States proffered the indictment, a pretrial services report, and two factual proffers (one for threatening a victim *via* text message in 2021, one for threatening a witness in 2023).  ECF No. 35 at PageID ##: 192:2–197:23.  Defendant Henry testified in response and denied accountability for his behavior.  ECF No. 35 at PageID #: 224:3.  He claimed, *inter alia*, he has "never been charged with a drug charge," "was never charged with domestic violence in 2021," and has never failed to appear for court proceedings.  ECF No. 35 at PageID #: 207:12–220:6.  As counsel for the United States correctly noted, "[i]f he is unwilling to be truthful to the Court . . . under oath, then he gives the Court no reason to believe that he would be truthful and follow any [pretrial release] conditions imposed upon him[.]"  ECF No. 35 at PageID #: 220:24–221:2.  Here, the weight of the evidence favors pretrial detention.

### C. *History and Characteristics*

When assessing history and characteristics, courts consider the criminal defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, drug or alcohol abuse, criminal history, appearance at other court proceedings, and probation or parole status.  *See* 18 U.S.C. § 3142(g)(3).  Here, Defendant Henry has an extensive criminal history.  Over the last two decades, he has been charged with felonious assault, domestic violence, obstructing official business, resisting arrest, violating a protective order, drug paraphernalia possession,

5

(1:26-CR-00308-3)

possession of cocaine, theft, contempt, and criminal endangering.  ECF No. 8 at PageID ##: 106-11.  He also has an active warrant for theft in Erie County, Ohio.  ECF No. 8 at PageID #: 106.  And he has failed to appear for court proceedings on at least eight separate occasions from 2011 to 2017.  ECF No. 8 at PageID #: 106–11.  These repeated "failures to comply with law enforcement both before and after his arrest[s] are consistent with a history that includes a failure to appear for court or for jail as instructed, multiple failures to pay fines, and probation violations."  United States v. Sinkfield, No. 1:25-CR-397, 2026 WL 570480, at *7 (N.D. Ohio Mar. 2, 2026).  And although Defendant Henry claims a purported medical condition will keep him tethered to the Northern District of Ohio, the Court determines that "while he may face discomfort as a result of his alleged health conditions, they are not severe enough to prevent him from fleeing this jurisdiction."  United States v. Sbeih, No. 1:14-CR-196, 2026 WL 1027305, at *2 (N.D. Ohio Apr. 16, 2026).  Even when weighed against his community and familial ties, Defendant Henry's history and characteristics favor pretrial detention.

### D.  *Danger*

The fourth factor concerns "the danger to any person or the community that would be posed by the person's release."  18 U.S.C. § 3142(g)(4).  As noted in the initial detention order, there is "a serious risk that [Defendant Henry] will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released."  ECF No. 29 at PageID #: 164.  When a defendant's past misconduct "presents a demonstrable danger to the community . . . society's interest in crime prevention is at its greatest."  Salerno, 481 U.S. at 750.  The Court need not recount in troubling detail Defendant Henry's history of intimidating witnesses, obstructing victims, and threatening

6

(1:26-CR-00308-3)

physical and emotional violence against women.  ECF No. 35.  The nature and seriousness of his danger to the community favor pretrial detention.

## V.  CONCLUSION

On review, the government has carried its burden of showing a significant risk of flight by a preponderance of the evidence and a significant risk of dangerousness to the community by clear and convincing evidence.  Consequently, the Court concludes that "no condition or combination of conditions will reasonably assure the appearance of [Defendant Henry] as required and the safety of any other person and the community[.]"  18 U.S.C. § 3142(e).  His Motion/Appeal of the Decision Denying Bond (ECF No. 28) is denied.


IT IS SO ORDERED.


| August 4, 2026 | /s/ Benita Y. Pearson |
| --- | --- |
| Date | Benita Y. Pearson |
| | United States District Judge |

7